**Philip HAUGHTON, Plaintiff,**

v.

**DISTRICT OF COLUMBIA, Defendant.**

**Civil Action No. 12-cv-1767 (KBJ)**

United States District Court,
District of Columbia.

Signed August 5, 2014

Phillip Andrew Haughton, Washington, DC, pro se.

Gary T. Brown, Gary T. Brown & Associates, Washington, DC, James A. Devita, James A Devita, Arlington, VA, for Plaintiff.

Martha J. Mullen, Aaron Josiah Finkhousen, Jonathan Hale Pittman, Owen Williams, Office of the Attorney General for the District of Columbia, Washington, DC, for Defendant.

## MEMORANDUM OPINION AND ORDER REGARDING DISCOVERY RULING OBJECTIONS

KETANJI BROWN JACKSON, United States District Judge

This Court referred a discovery dispute between the parties to Magistrate Judge Alan Kay on March 17, 2014. (*See* Referral, ECF No. 20.) At Judge Kay's direction, Plaintiff Phillip Haughton ("Plaintiff") filed a motion to compel, which the parties fully briefed. (*See* Pl.'s Mot. to Compel, ECF No. 23; Def.'s Opp'n to Mot. to Compel, ECF No. 26; Pl.'s Reply, ECF No. 29.) The Magistrate Judge issued a ruling on July 15, 2014, granting in part and denying in part Plaintiff's motion to compel. (*See* Mem. Order, ECF No. 31.) In particular, Judge Kay ordered Defendant to: (1) supplement its responses to a number of interrogatories by either providing responsive information or designating a specific page range in which the requested information can be found; (2) supplement its responses to a number of document requests by providing a more narrow page range; and (3) resubmit a more proper response to a request for admission. (*See id.* at 10, 12, 14, 15.)

Plaintiff filed objections to the Magistrate Judge's order on July 22, 2014, contending that it was improper for Defendant to produce documents in response to his interrogatories and requests for admission. (*See* Pl.'s Objections to the Order Issued by Magistrate Judge Alan Kay ("Pl.'s Objections"), ECF No. 32, at 1.) Plaintiff also sought an order that compelled more specific responses and extended the discovery deadline for 60 days to allow Plaintiff to review those responses. (*See id.* at 12.) In light of Plaintiff's objections, this Court held a teleconference with the parties on July 23, 2014, and issued an amendment to the scheduling order governing this case as a result of the parties' representations on that call. The scheduling order required *inter alia* that Defendant comply with Magistrate Judge Kay's order on or before July 31, 2014. (*See* Second Amendment to the Scheduling Order, ECF No. 34.)

On that due date, however, Defendant filed a motion to stay its discovery obligations on the grounds that it too planned to object to the Magistrate Judge's order. (*See* Mot. to Stay, ECF No. 35.) This Court summarily denied the motion to stay (*see* Minute Order of Aug. 1, 2014), and Defendant has since asked this Court to reconsider that minute order (Def.'s Mot. for Recons., ECF No. 36). Defendant has also now filed objections to Magistrate Judge Kay's ruling (*see* The District's Objections to the Magistrate Judge's Order ("Def.'s Objections"), ECF No. 37). For the following reasons, this Court affirms the Magistrate Judge's ruling and rejects Defendant's attempts to forestall that ruling's effect on the pending discovery obligations.

"A party may invoke Federal Rule [of Civil Procedure] 72(a) and Local

[Civil] Rule 72.2 to seek reconsideration of a magistrate judge's determination in a discovery dispute" in the district court. *Neuder v. Battelle Pac. Nw. Nat'l Lab.*, 194 F.R.D. 289, 292 (D.D.C.2000). When the district court reviews a Magistrate Judge's ruling on a non-dispositive matter like a discovery ruling, the Magistrate Judge's decision "is entitled to great deference." *Id.* Under the local rules, the court "shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." LCvR 72.2(c). A finding is "clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395, 68 S.Ct. 525, 92 L.Ed. 746 (1948); *Campbell v. Microsoft Corp.*, No. 04–2060, 2006 WL 463263, at *2 (D.D.C. Feb. 24, 2006) (citing *Gypsum* when reviewing a magistrate's non-dispositive order).

Here, Magistrate Judge Kay concluded that it was proper for Defendant to refer to documents it had produced when answering Plaintiff's interrogatories, but found several of Defendant's interrogatory responses lacking insofar as they directed Plaintiff to hundreds—if not thousands—of pages of documents without including an index of the material or pinpointing a particular range of pages in which the requested information could be found. (*See* Mem. Order at 9-10.)[1] The Magistrate Judge found this response inadequate given that Plaintiff faced a greater burden of deriving the answers to his interrogatories from the documents provided, such that

Rule 33(d) was inapplicable. (*Id.* at 10.) In light of that deficiency, the Magistrate Judge directed Defendant to either provide the responsive information specifically or designate a narrow page range for the information sought. (*See id.*) Similarly, the Magistrate Judge faulted Defendant's responses to a number of document requests insofar as Defendant repeatedly referred Plaintiff to the entirety of their document production, rather than identifying the relevant portions, and likewise instructed Defendant to provide narrow page ranges. (*Id.* at 12.)

◼ Having reviewed the materials in this matter, this Court finds that there is nothing "clearly erroneous" about Magistrate Judge Kay's ruling. *See* LCvR 72.2(c); *Gypsum Co.*, 333 U.S. at 395, 68 S.Ct. 525; *Campbell*, 2006 WL 463263, at *2. With respect to Plaintiff's interrogatories, Rule 33(d) allows parties to respond to interrogatories using documents "where the answers to interrogatories may be found in the business records of the party upon whom the interrogatories have been served[,]" *Little Hocking Water Ass'n, Inc. v. E.I. DuPont De Nemours & Co.*, No. 09–cv–1081, 2013 WL 608154, *41 (S.D.Oh. Feb. 19, 2013) (citation omitted), so long as the "burden of deriving or ascertaining the answer [from the records produced] will be substantially the same for either party." Fed. R. Civ. P. 33(d). Thus, contrary to Plaintiff's objection, Defendant's practice of responding with documents may be proper under the appropriate circumstances. Defendant faults the Magistrate Judge's statement that Rule 33(d) does not apply and contends that the Magistrate Judge improperly analyzed the parties'

---

1. The Magistrate Judge also ordered Defendant to resubmit a response to one of Plaintiff's requests for admission, noting that Defendant's answer lacked a good faith basis to deny the request, but denied it nonetheless; on this point, the Magistrate Judge ordered Defendant to resubmit a proper response. (*Id.* at 14.) Neither party objects to this portion of the Magistrate Judge's ruling.

relative burdens to review the documents. (Def.'s Objections at 9.) But even if the burden were the same, as Defendant argues, and Rule 33(d) applied in its entirety, the responding party still must "specify [ ] the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could[.]" *United States v. Kellogg Brown & Root Servs.*, 284 F.R.D. 22, 30 (D.D.C.2012) (alterations in original) (quoting Fed. R. Civ. P. 33(d)); *see also Franco–Gonzalez v. Holder*, No. 10–cv–2211, 2013 WL 8116823, at *10 (C.D.Cal. May 3, 2013) (noting that Rule 33(d) requires the responding party to explain what information will be found and where); *Cambridge Elec. Corp. v. MGA Elecs., Inc.*, 227 F.R.D. 313, 322 (C.D.Cal. 2004) (same (collecting cases)); *Graske v. Auto–Owners Ins. Co.*, 647 F.Supp.2d 1105, 1108 (D.Neb.2009) ("It is not sufficient for a responding party to simply direct the interrogating party to a mass of business records." (citation omitted)).

The Magistrate Judge's determination that narrow page ranges must be provided in response to Plaintiff's document requests is also not clearly erroneous. It is well settled that "courts exercise considerable discretion in handling discovery matters," *Food Lion, Inc. v. United Food & Commercial Workers Int'l Union*, 103 F.3d 1007, 1012 (D.C.Cir.1997) (citation omitted), and the Magistrate Judge's ruling—which is entitled to considerable deference, *see Neuder*, 194 F.R.D. at 292— falls well within the court's discretion to prevent the responding party from providing unnecessary documents so as to be unduly burdensome. *See Kline v. Berry*, 287 F.R.D. 75, 80 (D.D.C.2012); *Williams v. Taser Int'l, Inc.*, No. 06–cv–0051, 2006 WL 1835437, at *7 (N.D.Ga. June 30, 2006).

Neither party has identified any other reason why the Magistrate Judge's ruling is otherwise clearly erroneous, and this Court finds none. Accordingly, it is hereby

**ORDERED** that both Plaintiff's [32] objections and Defendant's [37] objections to the Magistrate Judge's [31] Order of July 15, 2014, are **OVERRULED**. It is

**FURTHER ORDERED** that Defendant's [36] motion for reconsideration of the Court's order denying Defendant's [35] motion to stay the deadline for compliance with the Magistrate Judge's discovery order is **GRANTED**; however, in light of this Court's resolution of the parties' objections to that order, Defendant's [35] motion to stay is **DENIED**. It is

**FURTHER ORDERED** that the Scheduling Order in this case (last amended by Minute Order of August 1, 2014), is amended as follows:

1. Defendant shall comply with Magistrate Judge Kay's [31] Order on or before **August 12, 2014**.

2. All discovery in this matter shall be completed by **September 8, 2014**.

All other provisions of the Scheduling Order, as amended, are incorporated herein by reference and remain unchanged.